COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MARCOS NAVARRO,                                        )

                                                                              )              
No.  08-04-00169-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
168th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )                      (TC# 77854)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Marcos
Navarro attempts to appeal a judgment revoking probation and adjudicating guilt
for the offense of retaliation.  On June
3, 2004, Appellant plead true to the State=s
motion, and in accordance with his plea agreement, the trial court sentenced
Appellant to 2 years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  Finding that Appellant has no
right of appeal, we dismiss the appeal.

Rule 25.2(a)(2) governs the
defendant=s right
to appeal in a criminal case:

 








A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.[1]  In a plea bargain case--that is, a case in
which defendant=s plea is
guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

On June 25, 2004,
Appellant filed his pro se notice of appeal.  On August 31, 2004, the clerk=s office notified Appellant that the
trial court has indicated in the court=s
certification that this is a plea-bargain case and Appellant has no right of
appeal and requested a response.  By
letter brief filed September 10, 2004, Appellant=s
counsel informs the Court that Appellant did not ask his counsel to file any
appeal subsequent to the court hearing and that it is counsel=s understanding that Appellant has been
released from custody and may have been deported to Mexico.  Appellant=s
counsel does not challenge the trial court=s
certification.  After reviewing the
record, we find that it supports the trial court=s
certification.  

Article 44.02 of
the Texas Code of Criminal Procedure provides:

A defendant in any
criminal action has the right of appeal under the rules hereinafter prescribed,
provided, however, before the defendant who has been convicted upon either his
plea of guilty or plea of nolo contendere before the court and the court, upon
the election of the defendant, assesses punishment and the punishment does not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must have permission of
the trial court, except on those matters which have been raised by written
motion filed prior to trial.  This
article in no way affects appeals pursuant to Article 44.17 of this chapter.

 

Tex.Code Crim.Proc.Ann.
art. 44.02 (Vernon 1979).

 

 








Because Appellant
did not receive the trial court=s
permission to appeal, Appellant has no right of appeal.  Accordingly, the appeal is dismissed.

 

 

 

September
30, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Rule 25.2(d) requires that the trial court certify whether the defendant has a
right of appeal under Rule 25.2(a)(2).  See
Tex.R.App.P. 25.2(d).